COMMONWEALTH *vs.* CHARLES H. SHOLES & others.

If one under indictment for crime has been defaulted in the superior court upon a recognizance taken in the police court, when he was held to answer for the same offence, and has been arrested and brought into court on a warrant, and in compliance with the order of court has entered into a new recognizance, upon which he afterwards makes default, it will be presumed, in the trial of an action brought thereon, although the fact does not appear of record, that the court found, before ordering it, the existence of some reasonable excuse for the first default.

CONTRACT upon a recognizance taken before a commissioner, with condition that Sholes, the principal, who was under indictment for procuring an abortion, should appear and answer thereto.

At the trial in the superior court, before *Putnam*, J., it appeared that Sholes was complained of in the police court for the same offence, and was held for his appearance at the next term of the superior court; and at that term an indictment was returned, and he pleaded not guilty, and the case was continued, and at the next term he was defaulted, and a warrant was issued against him, upon which he was arrested and brought into court, and ordered to recognize anew in the usual form for his appearance from day to day, and in default thereof to stand committed. It did not appear that the minute of default on the former recognizance was ever stricken off, or any order of court made on the subject. Sholes, not procuring such recognizance, was taken to jail, and on the same day, but without any special order on the subject, the recognizance in suit was taken before a commissioner having due authority by order of court to take

recognizances in such cases.   The defendants were all duly defaulted on this recognizance.

The judge ruled that it must now be assumed that the court, before ordering this recognizance, found some reasonable excuse for the former default of Sholes, and that such finding need not be recorded ; and he accordingly ordered judgment for the Commonwealth ; and the defendants alleged exceptions.

*J. H. Bradley,* for the defendants.

*Reed,* A. G., for the Commonwealth.

BIGELOW, C. J.   The recognizance would be invalid for want of jurisdiction in the commissioner to take it, if it were necessary that it should appear of record that the principal after his first default did show to the satisfaction of a judge of the superior court a reasonable excuse for that default.   But the statute does not require that any such record should be made.   *St.* 1862, *c.* 169, § 1.   The court had general jurisdiction to take recognizances in all criminal cases not capital, where a party had been arrested to answer to an indictment, and it must now be assumed that the jurisdictional fact necessary to give validity to the order of court authorizing the recognizance to be taken was made to appear.   The difficulty with the argument urged in behalf of the defendant is, that it requires us to assume that the court acted erroneously and in violation of the statute, which would be contrary to the well established and salutary rule expressed in the maxim *omnia rite acta presumuntur.*   This rule is especially applicable to the action of courts of general jurisdiction, in regard to which it will always be assumed that their decisions are well founded and their judgments regular. Nothing will be intended to be without the jurisdiction of a superior court but that which specially appears to be so ; and nothing will be intended to be within the jurisdiction of an inferior court but that which is expressly alleged.   Broom's Max. (3d ed.) 734, 849.   *Lyttleton* v. *Cross,* 3 B. & C. 327.   *Gosset* v. *Howard,* 16 L. J. (N. S.) Q. B. 349.

*Exceptions overruled.*